**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adelmo de Jesus Vargas-Sanchez, | No. CV-26-00003-PHX-MTL (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

**I.**

Petitioner, a Venezuelan citizen, has been present in the United States since October 11, 2022. (Doc. 1 at 2.) He was placed in removal proceedings, in which he filed and continues to pursue applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). (*Id.*, Exs. 5-6.) On October 31, 2025, he was detained by Department of Homeland Security agents following the termination of his Temporary Protected Status. (*Id.* at 3.) Petitioner filed this habeas corpus action challenging his immigration detention and seeking a bond determination hearing under 8 U.S.C. § 1226(a). (Doc. 1.)  Respondents argue that Petitioner is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). (Doc. 7 at 2.)

**II.**

For the reasons explained in *Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026), the Court finds that a person who entered the United States illegally and is clearly and beyond a doubt not entitled to admission, is subject to mandatory

detention under § 1225(b)(2)(A). *See also Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

Based on this record, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies.

As far as Petitioner alleges that his detention violates his due process rights, he is mistaken. The government began removal proceedings against Petitioner under procedures set forth in the INA. (Doc. 1, Ex. 5.) He was later issued a Notice to Appear charging him as an alien present in the United States without possession of a valid entry document or suitable travel document, in violation of Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA. (*Id.*) Petitioner applied for asylum, withholding of removal, and CAT protection, and he is still pursuing those claims. (*Id.*, Ex. 6.)

An alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, 26 Civ. 00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

In this case, Petitioner received due process in two respects. First, he was afforded the procedural protection of the INA. Second, he was subject to the determination procedures established by Congress in the Illegal Immigration Reform and Immigration Responsibility Act where an immigration officer determined that he was not entitled to a bond hearing. These procedures represent the due process as provided by Congress in statute. Petitioner is entitled to nothing further under the Constitution, and Counts One and Two of the Petition are denied.

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This action is dismissed, and the Clerk of Court must enter judgment accordingly.

Dated this 3rd day of March, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge